Dear Commissioner Laborde:
You have requested the opinion of this office regarding Act 352
of the 1993 Regular Session (the "Act"), commonly referred to as the legislative appropriation act, a copy of which is attached hereto. In particular, you question whether Section 3 B.(3) of the Act validly authorizes the Legislative Auditor to collect from each executive branch agency the amounts "allocated" by the Auditor in connection with each audit. It is our understanding that the Auditor is attempting to collect the total sum of $3.8 million from the executive branch agencies.
Section 3 B.(3) of the Act purports to authorize the Auditor to collect unspecified amounts from the executive branch agencies for "services rendered and costs incurred in connection with the audit of each auditee".
We note that the Section is subject to different interpretations regarding when the Auditor is to begin to "allocate and collect" from each agency — either this fiscal year or next. The Legislative Auditor interprets the Act as giving him the authority to collect, in the current fiscal year, for amounts associated with audits performed or to be performed during the current fiscal year (letter from Daniel G. Kyle to Raymond Laborde, dated August 3, 1993, attached hereto). Your opinion request makes it clear that you interpret the Act as purporting to authorize these collections (if at all) in the next fiscal year. Since La. Const. (1974) Art. III, Sec. 16(A) provides that ". . . no appropriation shall be made . . . for longer than one year," your interpretation, if correct, would clearly prevent the Auditor from collecting these funds.
Please be advised that this office has been unable to determine when the legislature intended the Auditor to begin collecting for executive branch agency audits. However, this office is of the opinion that Section 3 B.(3) of the Act, to the extent that it purports to authorize the Auditor to "allocate and collect" amounts from executive branch agencies by notification to, or warrant upon, the Treasurer, is subject to constitutional challenge in accordance with La. Const. (1974) Art. III, Sec.16(A) and (C), as well as Art. VII, Sec. 10.
In accordance with Art. III, Sec. 16(A), "no money shall be withdrawn from the state treasury except through specific appropriation". Similarly, Art. VII, Sec. 10(D) provides that "money shall be drawn from the state treasury only pursuant to an appropriation made in accordance with law".
It is important to note that an "appropriation" is "an authorization by the legislature to a budget unit . . . to expend from public funds a sum of money, for purposes designated . . ." (emphasis added). R.S. 39:2. Furthermore, expenditures by budget units must "conform strictly to the category of expenditures" established for each program within the budget unit's budget. R.S. 39:73(B).
Since an appropriation is "an authorization . . . to expend", the real question is not whether the Auditor has the authority to "allocate and collect" from the executive branch agencies, but whether the executive branch agencies have been given the authority and the funding "to expend" for audits. If the executive branch agencies have, within their individual budgets, a funded `category of expenditures' to pay the Legislative Auditor's charges, then the executive branch agencies can initiate payment of the amount so budgeted to the Auditor. If an executive branch agency's budget does not contain funding for audits, the only way the agency could "expend" the funds for that purpose would be to utilize funds appropriated for another purpose. As I am sure you are aware, such a budget adjustment can only be accomplished if an agency has extra funds available in another category of expenditures to transfer. Furthermore, there is no obligation upon any agency to initiate a budget adjustment even if funds are available in other categories of the agency's budget.
Please also be advised that the purported authorization to the Auditor to "allocate and collect" the funds of executive branch agencies is, in our opinion, subject to constitutional challenge on other grounds as well. That authorization is actually purported authorization for the Auditor to assess each executive branch agency for fees and/or costs. In our opinion, assessments are matters of substantive law. This office has previously determined that matters of substantive law, such as assessments, taxing authority, and the imposition of fees, should not be included in the provisions of an appropriations bill, and may be unconstitutional per se. Attorney General's Opinion No. 89-230. We also point out that in Henry v. Edwards,346 So.2d 153 (La. 1977), the Supreme Court considered the constraining effect of Art. III, Sec. 16(C) upon the scope of the general appropriations bill, and held:
 "In our view, art. 3, § 16(C) clearly limits the content of an appropriation bill to items of appropriation of money."
Assessment authority, such as that given the Auditor in Section 3 B.(3) of the Act, is not "an appropriation".
I trust this opinion to be of sufficient information, and remain,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav/340n
cc: Mary L. Landrieu, Treasurer Daniel G. Kyle, Ph.D., CPA